UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | Criminal No.: 6:13-cr-00032-GFVT-HAI |
| V. | ) | **ORDER** |
| DUSTIN CHAD LAWSON, | ) | |
| Defendant. | ) | |

*** *** *** ***

This matter is before the Court on Defendant Lawson's violation of supervised release. [*See* R. 257.] Magistrate Judge Hanly Ingram issued a Recommended Disposition pursuant to Defendant's violation. [R. 269.] Judge Ingram recommended finding the Defendant not guilty because the Government did not prove the violations by a preponderance of the evidence. [*Id*. at 22.] The Government objected to Judge Ingram's finding and this Court held an allocution hearing. [R. 278.] At the allocution hearing, the Government was well-prepared and presented adequate evidence against the Defendant. This Court finds the evidence presented at the allocution hearing proves by a preponderance of the evidence that the Defendant committed the violations as described below.

I

A

Judge Ingram's thorough Recommended Disposition accurately sets forth a more detailed account of the factual and procedural background of the case. [*See* R. 269.] Except for what the

Court summarizes in its discussion below, the Court incorporates his discussion of the record and the standard of review into this Order.

Defendant Lawson began his initial term of supervised release on November 30, 2015. [R. 269 at 1.] He first violated the conditions of his supervised release in May 2016, completed an inpatient treatment, and was not incarcerated at that time. [*Id.* at 2.] Defendant Lawson most recently violated the terms of his supervised release in January 2018, which is detailed in a Report from the United States Probation Office. [*Id.*] Though he denied substance use, after a urinalysis, the Defendant tested positive for norfentanyl, the metabolite of fentanyl. [*Id.*] The Report alleges three violations related to this conduct, for using a controlled substance, for committing another federal or local crime, and for not responding truthfully to his probation officer. [*Id.* at 3.]

Lawson's final hearing began on March 5, 2018, and was reconvened on March 9, 2018. [R. 263; R. 267.] At the initial final hearing, Probation Officer Joey Tyler testified that he had called Pat Pizzo, the director of Alere toxicology, regarding Mr. Lawson's positive norfentanyl results. [*See* R. 263 at 6.] Joey Tyler testified that Ms. Pizzo said, "There are a number of opiates that could cause positive at the initial screening, however, she said there is nothing that could cause a false positive whenever GCMS is performed, the gas chromatography-mass spectrometry." [*Id.* at 6.] On cross examination, Officer Tyler "said that he had done a Google search for fentanyl false positives, and that the indication that trazodone could cause a false positive would surprise him because he did not find that in his research." [R. 296 at 7.]

The Defendant then presented evidence that he was taking trazadone, which he claims could cause a false positive for norfentanyl. [*Id.* at 6] The Defendant also presented a document labeled "Ordering and Interpreting Urine Drug Tests," which appears "to be a portion of a

document entitled 'UMHS Guidelines for Clinical Care May 2009,' and purports to be copyrighted by the Regents of the University of Michigan." [*Id.*] This document was not authenticated or presented with additional testimony, but stated that trazodone can cause a false positive for fentanyl. [*Id.*] The Defendant also testified and stated that he had not used fentanyl. [*Id.* at 8.]

After hearing from the defendant and analyzing the record, Judge Ingram recommended finding the Defendant not guilty because the Government had not proven the violation by a preponderance of the evidence. [R. 296 at 9.] The Magistrate Judge found he could not rely on Ms. Pizzo's out-of-court hearsay testimony and, with all the other evidence considered, the violation could not be confirmed. [*Id.*]

Since this hearing, Lawson has since violated the terms of his supervised release again. [*See* R. 302.] Judge Ingram has again given his Recommended Disposition, which is not yet ripe for adjudication. This violation will be taken up in a separate order.

**B**

Under Federal Rule of Civil Procedure 72(b)(2), parties have fourteen days after service to register any objections to the R&R or else waive his rights to appeal. In order to receive *de novo* review by this Court, any objection to the recommended disposition must be specific. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). A specific objection "explain[s] and cite[s] specific portions of the report which [counsel] deem[s] problematic." *Robert v. Tesson*, 507 F.3d. 981, 994 (6th Cir. 2007) (quoting *Smith v. Chater*, 121 F.3d 709, 1997 WL 415309, at *2 (6th Cir. 1997) (unpublished opinion)). A general objection that fails to identify specific factual or legal issues from the Recommendation, however, is not permitted, since it duplicates the magistrate's efforts and wastes judicial economy. *Howard v. Secretary of Health and Human*

3

*Services*, 932 F.2d 505, 509 (6th Cir. 1991).

After a brief extension allowed due to a docketing error [*see* R. 275], the Government made a timely objection. [R. 278.] The Government objected to the Magistrate Judge's finding that Ms. Pizzo's hearsay testimony was unreliable. [R. 278 at 4.] An allocution hearing was held pursuant to the Government's request. [*See* R. 293.] The Government's objections are sufficiently definite to trigger this Court's obligation to conduct a *de novo* review. *See* 28 U.S.C. § 636(b)(1)(c). The Court has satisfied that duty, reviewing the entire record, including the motions, briefing, the parties' arguments, relevant case law and statutory authority, as well as applicable procedural rules. For the following reasons, the Government's objection will be **SUSTAINED**.

## II

"A violation of a supervised release condition must be proven by a preponderance of the evidence." *United States v. Shakir*, 574 F. App'x 712, 713 (6th Cir. 2014); *see* 18 U.S.C.A. § 3583 (West). Notably, in a supervised release violation proceeding, "the district court may consider all relevant evidence, including hearsay, 'if it is proven to be reliable.'" *Shakir*, 574 F. App'x at 714.

The procedural posture of this case is unique. In his Recommended Disposition, after the final revocation hearing, the Magistrate Judge appropriately found that the Probation Officer's hearsay testimony regarding Ms. Pizzo's opinion was unreliable. [R. 269 at 9.] The Probation Officer's testimony, as elicited by the Government, was somewhat inconsistent, which tipped the scales in favor of not placing weight on her testimony. [*See id.*] However, at the allocution hearing, the Government presented a witness in order to cure the defect found by the Magistrate Judge. During the proceeding, a representative from Alere, who was certified as an expert in this

4

particular area, testified that trazodone could not cause a false positive test for fentanyl. The Court finds the witness qualified and reliable. Defense counsel again directed the Court's attention to the "UMHS Guidelines for Clinical Care May 2009" he presented to the Magistrate Judge. But, without further information on this specific set of guidelines or any other corroborating information regarding authorship or authority, the Court is reticent to place significant weight on this piece of evidence.

Due to the additional evidence presented by the United States in the allocution hearing, the Court finds that the violations are now established by a preponderance of the evidence and the Government's objections [R. 278] are **SUSTAINED**.

## III

For the foregoing reasons, and the Court being otherwise sufficiently advised, it is hereby **ORDERED:**

1. The **Government's Objections [R. 278]** to the Magistrate's Report and Recommendation [R. 269] are **SUSTAINED**;

2. The Magistrate Judge's Report and Recommendation [**R. 269**] is **OVERRULED**; and

3. This matter is referred to Judge Ingram to conduct the final revocation hearing pursuant to Federal Rule of Criminal Procedure 32.1(b) and to recommend a proposed disposition of this matter in accordance with the findings in this opinion.

This the 25th day of May, 2018.

Gregory F. Van Tatenhove
United States District Judge