UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | Criminal No.: 6:13-cr-00032-GFVT-HAI |
| V. | ) | **ORDER** |
| DUSTIN CHAD LAWSON, | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on two Recommended Dispositions ("R&R") by United States Magistrate Judge Hanly A. Ingram. [R. 302; 323.] The Defendant, Dustin Chad Lawson, was charged with violating his supervised release in two Supervised Release Violation Reports dated January 25, 2018 and March 22, 2018. [R. 323 at 2.]

Dustin Chad Lawson first violated the terms of his Supervised Release in May 2016 and the terms of his supervised release were modified slightly. [*See* R. 323 at 2.] Lawson next violated in January 2018 when he tested positive for norfentanyl, the metabolite of fentanyl. [R. 302 at 2.] As a result, the Magistrate Judge recommended revocation with a term of incarceration of twelve (12) months and one day with no supervised release to follow. [R. 302 at 7.] The most current violation occurred in March 2018. The Defendant committed three violations of his Supervised Release: first, he failed to report to the USPO that he had been prescribed a medication containing a controlled substance; second, he did not notify his probation officer ten days prior to his change of address; and third, he did not answer the

probation officer's questions truthfully. [R. 323 at 3.] The United States dismissed the first violation and the Defendant admitted to the factual basis of the second two violations. [*See id.*] As to this violation, the Magistrate Judge recommended revocation with a term of incarceration of twenty-four (24) months with no supervised release and an assessment for placement in a halfway house or other appropriate transitional placement at the discretion of the Bureau of Prisons. [R. 323 at 9.] The Defendant has waived his right to allocution as to both Recommended Dispositions. [R. 313; R. 324.]

Generally, this Court must make a *de novo* determination of those portions of a recommended disposition to which objections are made. 28 U.S.C. § 636(b)(1)(c). When no objections are made, however, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard . . . ." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Parties who fail to object to a Magistrate's recommended disposition are also barred from appealing a district court's order adopting that report and recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Nevertheless, this Court has examined the record and it agrees with the Magistrate Judge's Recommended Disposition.

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

    1.    The Magistrate's Recommended Dispositions [**R. 302; R. 323**] are **ADOPTED** as and for the Opinion of the Court;

    2.    Dustin Chad Lawson is found to have violated the terms of his Supervised Release as set forth in the Petitions filed by the United States Probation Office and the Recommended Dispositions of the Magistrate Judge;

    3.    Dustin Chad Lawson's Supervised Release is **REVOKED**;

4. Dustin Chad Lawson is hereby sentenced to a term of incarceration of **twelve (12) months and one day** [R. 302] and **twenty-four (24) months** [R. 323], with no supervised release to follow. The sentences shall **run concurrently**; and

5. Assessment for placement in a halfway house or other appropriate transitional placement, at the discretion of the Bureau of Prisons.

This the 1st day of August, 2018.

Gregory F. Van Tatenhove
United States District Judge